10-279-ag
Weng v. Holder

BIA
Mulligan, IJ
A089 253 941

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT:
 BARRINGTON D. PARKER,
 REENA RAGGI,
 DENNY CHIN,
  *Circuit Judges.*
_____

JIAN MING WENG,
  *Petitioner,*

  v.                                        10-279-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER:          Feng Li, Moslemi and Associates,
                         Inc., New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Jennifer L. Lightbody,
                         Assistant Director; Todd J. Cochran,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Ming Weng, a native and citizen of the People's Republic of China, seeks review of a January 7, 2010, order of the BIA, affirming the August 6, 2008, decision of Immigration Judge ("IJ") Thomas Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Ming Weng*, No. A089 253 941 (B.I.A. Jan. 7, 2010), *aff'g* No. A089 253 941 (Immig. Ct. N.Y. City Aug. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of

the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Weng's testimony not credible, the IJ relied in part on his demeanor, noting that his affect changed when questioned on cross-examination and that he exhibited indicia of anxiety. Because the IJ was in the best position to observe Weng's manner while testifying, we afford his demeanor finding particular deference. *See Shu Wen Sun*, 510 F.3d at 380-81; *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

In finding Weng not credible, the agency also reasonably relied on inconsistencies in his testimony. *See Xiu Xia Lin* v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008).

First, the IJ noted that Weng's testimony was not consistent with his documentary evidence with respect to his claim that police monitored his house while he was in China. When asked why his written submissions omitted his claim that the police monitored him at home, he answered that he "forgot to write it," and that his mother "probably thought that it was not important" to include in her letter. However, the agency was entitled to disregard these explanations as they would not necessarily be compelling to a reasonable factfinder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also found that Weng's testimony that the police had visited his parents after he fled China and threatened that he would be arrested upon his return was inconsistent with his documentary submissions. With regard to this finding, the IJ erroneously stated "there is absolutely nothing in [Weng's] statement indicating that the police contacted his parents after he left the residence." In fact, Weng's statement does convey that the police contacted his parents after he fled China, saying "[n]ow they found that I did not report so they already threatened my parents that they would arrest and sentence me." The

4

BIA, however, rephrased this finding, noting that Weng testified that the police had contacted his parents "[m]any times," a detail that was omitted from Weng's documentary evidence. Using its modified finding, the BIA did not err in relying, in part, on the omission to find Weng not credible. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (noting that an "omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency . . . can serve as a proper basis for an adverse credibility determination"). Moreover, the BIA's decision illustrates that remand for it to address the IJ's error would be futile, as it upheld the IJ's adverse credibility determination without relying on the erroneous aspect of his finding. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir. 2005). Finally, the agency reasonably discounted Weng's explanation that his mother's letter did not mention that the police came looking for him on multiple occasions because she was not highly educated. *See Majidi*, 430 F.3d at 80-81.

In light of the agency's demeanor and adverse credibility findings, the agency did not err in denying Weng's application for relief. *See Shu Wen Sun*, 510 F.3d at 380-81; *Xiu Xia Lin*, 534 F.3d at 167. Thus, the agency's

denial of his application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk